SZYMANSKI v. TOWNSHIP OF ALPENA.

1. Townships—Liquor Control—Duties of Constable—Appeal and Error.

Finding by trial court that a township which enacted a liquor control ordinance naming its local constable as temporary liquor control inspector in order to qualify for receipt of liquor license funds, made inspection of liquor establishments part of the duties of the constable, and appropriated $2,000 to carry out the task of liquor control inspection did not thereby set a $2,000 annual salary for the office of constable, *held*, supported by the record (CLS 1961, § 436.37).

2. Costs—Public Question—Salary of Constables.

No costs are allowed on appeal by township constable from judgment of trial court that he had no claim for salary from liquor control fund after his dismissal by township board as liquor control inspector but during his elective term as constable, a public question being involved (CLS 1961, § 436.37).

Appeal from Alpena, Glennie (Philip J.), J. Submitted Division 3 December 5, 1967, at Grand Rapids. (Docket No. 2,311.)   Decided May 27, 1968.

Complaint by Victor Szymanski against the Township of Alpena, a municipal corporation, to recover back salary and for declaratory judgment that he is entitled to continuation of salary for the duration of his term of office as constable. Judgment for defendant. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 43 Am Jur, Public Officers §§ 356, 357, 359, 360, 391, 392.
[2] 5 Am Jur 2d, Appeal and Error § 1009.

*Robert D. Mandenberg*, for plaintiff.

*Donald K. Gillard*, for defendant.

J. H. GILLIS, J. The trial court filed the following written opinion:

"This case involves a salary dispute between the parties.

"Plaintiff was 1 of 3 constables elected in December, 1960; plaintiff has been re-elected, and his present term expires in April, 1967. By stipulation, documentary evidence consists of the township liquor ordinance, board minutes since 1960, and copies of budgets of 1964 and 1965.

"Defendant, a noncharter township, in order to qualify for the receipt of liquor funds, adopted a liquor control ordinance on February 1, 1960, with an effective date of March 14, 1960.

"Insofar as this decision is concerned, section 3 and section 5 of the ordinance are material.

"Section 3 states:

" 'For the purpose of the enforcement of said Michigan liquor control act within said township, there is hereby established a liquor control enforcement department with full power, authority, and duty to see that the provisions of said act and the rules and regulations of the Michigan liquor control commission, adopted pursuant to said act, are enforced within said township. Such department shall consist of not less than one constable or deputy sheriff, appointed by the township board and such other personnel as the township board may, in its discretion, appoint. The personnel in such department shall be entitled to such compensation as the township board may determine.'

"Section 5 states:

" 'For the purpose of carrying out the provisions of this ordinance and establishing the liquor control enforcement department herein provided for,

the township board hereby appropriates the sum of
$1,000 for such use, and is hereby authorized and di-
rected to annually appropriate such an amount as
will, in its discretion, be sufficient to maintain and
operate such liquor control enforcement department
for the ensuing fiscal year of the township.'

"The township board met March 7, 1960, which
was exactly one week prior to the effective date of
the ordinance; and, at this meeting, applications
were received. Secret ballots were cast, and the
plaintiff, Victor Szymanski, was elected temporary
liquor control inspector.

"On December 5, 1960, the board amended section
5 of the liquor enforcement ordinance increasing the
appropriation to $2,000.

"Shortly after plaintiff's appointment as tempo-
rary inspector, the board adopted certain rules, regu-
lations, and duties of constable under the jurisdic-
tion of the township board. These duties and regu-
lations are:

"1. Inspection of all liquor and beer establish-
ments monthly.

"2. Serve subpoenas as ordered by the court.

"3. Select jurors for courts held in the township.

"4. To make calls at taverns if trouble arose.

"5. To enforce the dump ordinance; to stop all
dumping except by township residents; to enforce
dumping in the proper place, refuse from septic
tanks not allowed to dump; to put in at least three
days a week on the dumps until such time as the
condition that exists now is corrected. The constable
is to report such activities at least once a month
pursuant to above regulations.

"During 1963, a board member praised the work
of plaintiff, but at a meeting of October 6, 1964, the
minutes reflected the following discussion and ac-
tion on the part of the board:

" 'Discussion was held on constable's refusal to
shovel at disposal areas. Board feels this to be a
part of his job. A motion was made by Trustee
Ewing, supported by Clerk Kitter, that the board

hire a man, other than Alpena Township Constable Szymanski to do liquor inspection and other duties such as the board determines. He will be deputized, and applications will be sought through newspaper advertising.'

"Plaintiff's salary was discontinued, and he filed the present suit seeking not only his past salary but claiming that his salary should continue to his present elective term which expires in April, 1967. Plaintiff claims under the stipulated facts that the court should determine the following:

"1. Plaintiff, as constable, is a duly elected township officer.

"2. A public officer is entitled to salary if properly fixed by law.

"3. The Alpena township board fixed the salary of plaintiff's office in the sum of $2,000.

"4. That such salary continues until properly revoked by the board or electors at the annual meeting.

"The defendant, on the other hand, maintains that:

"1. The township has no constitutional or statutory authority to set a salary for the office of constable.

"2. The township fixed the salary only for the office of township liquor inspector and not for the office of constable.

"3. That the office of township liquor inspector is not fixed for a definite term and is not dependent or coexistent with the office of constable.

"4. The township board, having the power to appoint, it also has the power to remove at any time.

"Perhaps the most challenging aspect of this case is the fact that plaintiff was dismissed for failure to perform a duty inconsistent with the office of liquor inspector; i. e., failure to properly bulldoze the township dump.

"CLS 1961, § 436.47 (Stat Ann 1968 Cum Supp § 18.1018) provides:

" 'Quarterly, upon recommendation of the commission, the State shall pay in the manner prescribed by law to the city, village or township in which a full-time police department or full-time ordinance enforcement department is maintained, and where no police department or full-time ordinance enforcement department is maintained, then to the counties, to be credited to the sheriff's department in which the license is located 85% of the amount of the proceeds of the retailers' licenses collected therein, for the specific purpose of enforcing the provisions of this act and the rules and regulations of the commission.'

"This fund is granted to townships for the specific purpose of liquor law enforcement and not for the maintenance and bulldozing of township dumps. This diversion and use of such funds was unlawful and contrary to the intent of the statute.

"Plaintiff is a duly elected township officer. He is one of three constables elected in the township. Prior to 1963, the office of constable was a constitutional office. The Constitution of 1963 omitted reference to the office of constable, but the statutes provide for the election of constables as township officers. Generally, constables shall serve all warrants, notices and process lawfully directed to them by the township board, or any other township officer, and shall perform such other duties as required of them by law. A constable may serve any writ, process, or order lawfully directed to him, in any township in his county; a constable shall be a ministerial officer of the justice of the peace, shall attend upon sessions of the circuit court for their respective counties, when notified for that purpose by the sheriff.

"A public officer is entitled to salary, if properly fixed by law. The constables are paid on a fee basis, and a salary for the office of constable has never been fixed by the Constitution or by statute. It would be unconstitutional to pay a constable a salary as a

police officer, solely on the basis that he was an elected township constable.

"Plaintiff contends that by reason of his appointment as liquor control inspector and the action of the board in allocating funds, the board set an official salary for the public office of constable.

"Section 3, entitled, 'enforcement' of the township ordinance, states in part:

" 'Such department shall consist of not less than *one constable or deputy sheriff* appointed by the township board and such other personnel as the township board may, in its discretion, appoint.'

"The board had an election to appoint either one of the township constables or a deputy sheriff as a full-time liquor inspector and chose plaintiff as its first liquor inspector.

"The ordinance in section 3 further states:

" 'The personnel in such department shall be entitled to such compensation as the township board may determine.'

"The board originally appropriated $1,000 to maintain and operate the liquor control enforcement department. This was increased to $2,000, and the annual budget reflects the same sum each subsequent year. The annual budget for 1963–1964 listed $2,083-.25 for constable's wages for liquor enforcement. The 1964–1965 budget listed $1,999.92 for liquor inspector's salary. However, the monthly payments to plaintiff are stated as payments for bulldozing dumps.

"I fail to find any mention in either the township board minutes, or the budget as submitted for 1964 and 1965, any mention of a salary for the office of constable.

"The statute delegated authority to the township board to create by ordinance a full-time enforcement department. Such ordinance provided that a constable might be appointed as liquor inspector, and plaintiff was so appointed. The appointment of a township constable as a full-time liquor inspector is

not incompatible. Likewise, a salary paid to a constable as liquor inspector is fully authorized under the existing statute and the ordinance. It was not, however, intended by statute, or otherwise, that the salary so paid would attach to the public office of constable.

"The remaining question is whether the township board could dismiss plaintiff at any regular meeting. It is plaintiff's further claim that since the action of the board in setting the $2,000 annual salary payable to plaintiff's office as constable in 1960, and plaintiff having been re-elected to consecutive terms and his salary having been included in the budget by the township electors and the further fact that neither the board nor the electors have revoked the action of December 6, 1960, that plaintiff is entitled to his salary since dismissal and to continue until the expiration of his present term.

"A township board possesses certain legislative powers as delegated by the legislature or as provided by the Constitution. Evidence that a township board possesses legislative powers appears when we examine the statutes prescribing its powers and duties. CL 1948, § 41.201 (Stat Ann 1961 Rev § 5.191) provides that a township board may employ a traffic officer and fix his compensation. CL 1948, § 41.444 (Stat Ann 1961 Rev § 5.274) provides that the township board shall pass on the budget of the township park commission. CLS 1961, § 436.47, *supra*, provided for return to local units of government 85% of liquor license fees to be used only for enforcement of the liquor control act. The legislature intended that each unit of government, including townships, would have certain powers and duties to set up rules and regulations and provide compensation for its enforcement personnel.

"The township board appointed plaintiff as an inspector and provided for his compensation. It had a choice between a constable and deputy sheriff, but it chose plaintiff. Defendant township had the right to fix the term of office of plaintiff and to fix his com-

pensation, and it also had the right to remove plaintiff at its will at any time without specifically designating the reason therefor. A judgment of no cause of action may be submitted within 10 days from date hereof. No costs will be allowed."

Although this opinion by the trial court adjudicates more issues than were raised on appeal, we find that the record supports the findings of the trial court as they relate to issues here presented. We find that the township board did not set a salary for the office of constable.

Affirmed. No costs, a public question being involved.

HOLBROOK, P. J., and BURNS, J., concurred.